FILED
NOV 2 6 2007
NOV 26 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, Trustee,<br><br>         Plaintiffs,<br><br>v.<br><br>MEHLVILLE CHRYSLER, INC., d/b/a METRO CHRYSLER, a Missouri corporation,<br><br>         Defendant. | )<br>)<br>)<br>)<br>) 07CV 6618<br>) JUDGE DER-YEGHIAYAN<br>) MAGISTRATE JUDGE NOLAN<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present trustees, for a cause of action against Defendant, Mehlville Chrysler, Inc. d/b/a Metro Chrysler ("Metro Chrysler"), allege as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, ("MPPAA"), 29 U.S.C. §1001 et seq. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

3.   Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), because the Central States, Southeast and Southwest Areas Pension Fund is administered at its principal place of business in Rosemont, Illinois. Venue is also proper under the terms of the Pension Fund's Trust Agreement.

## PARTIES

4.   Plaintiff Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

5.   Plaintiff Howard McDougall is a present trustee of the Pension Fund and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10). The trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018.

6.   Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the trustees, by and through their designated trustee Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

7.   Defendant Metro Chrysler is a Missouri corporation.

## CLAIM FOR RELIEF

8.   Metro Chrysler was subject to a series of collective bargaining agreements, executed with Local Union No. 50 affiliated with the International Brotherhood of Teamsters, under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

9. Metro Chrysler and all other trades or businesses under common control with it ("Metro Chrysler Controlled Group") constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

10. The Metro Chrysler Controlled Group is the employer for purposes of the determination of withdrawal liability under Title IV of ERISA.

11. The Pension Fund has determined that on or about May 5, 2007, Metro Chrysler permanently ceased all covered operations under the Pension Fund, and, thereafter, no member of the Metro Chrysler Controlled Group was contributing or obligated to contribute to the Pension Fund.

12. Therefore, the Pension Fund determined that the Metro Chrysler Controlled Group effected a "complete withdrawal" as defined in section 4203 of ERISA, 29 U.S.C. § 1383.

13. As a result of this complete withdrawal, all entities constituting the Metro Chrysler Controlled Group incurred withdrawal liability to the Pension Fund in the amount of $823,243.26, as determined under section 4201(b) of ERISA, 29 U.S.C. §1381(b).

14. On or about August 17, 2007, the Metro Chrysler Controlled Group, through Metro Chrysler, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382 and 1399(b)(1). The notice and attached invoice notified Metro Chrysler that pursuant to section 4219(c)(5)(B), 29 U.S.C. §1399(c)(5)(B) and Appendix E, section 5(e)(2)(E) of the Pension Plan, that it must discharge its liability in one payment totaling

$823,243.26 due on September 1, 2007.

15. Pursuant to sections 4219 (c)(2) and 4221(d) of ERISA, 29 U.S.C. §§ 1399(c)(2) and 1401(d), withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review or arbitration.

16. The Metro Controlled Group has failed to make the withdrawal liability payments to the Pension Fund.

17. Defendant Metro Chrysler did not timely initiate arbitration pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the withdrawal liability amount demanded by the Pension Fund is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendants, and on behalf of the Plaintiffs, pursuant to section 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§1132(g)(2) and 1451(b), for:

    (i) $823,243.26 in withdrawal liability principal;

    (ii) interest computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged;

    (iii) an amount equal to the greater of doubled interest on the unpaid withdrawal liability or liquidated damages of 20% of the

      unpaid withdrawal liability; and

  (iv) attorney's fees and costs;

  (v) post-judgment interest computed and charged on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged compounded annually.

(b) For such further or different relief as this Court may deem proper and just.

             Respectfully submitted,

             */s/ Timothy C. Reuter*
             Timothy C. Reuter (ARDC# 06279373)
             Attorney for Plaintiffs
             Central States, Southeast and
             Southwest Areas Pension Fund and
             Howard McDougall, as Trustee
             9377 West Higgins Road
             Rosemont, IL 60018-4938
             (847) 518-9800, Ext. 3481

November 26, 2007